UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDDIE E. CONNERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:17 CV 2742 ACL |
| ) | |
| JENNIFER SACHSE, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Petition of Eddie Conners for a writ of habeas corpus under 28 U.S.C. § 2254.

**I.   Procedural History**

Conners is currently incarcerated at the Missouri Eastern Correctional Center in Pacific, Missouri, pursuant to the sentence and judgment of the Circuit Court of St. Louis City, Missouri. (Doc. 11-1 at 23-25.)   On April 24, 2014, Conners pleaded guilty to second-degree assault and leaving the scene of a motor vehicle accident.  *Id.* at 16-21.   The court sentenced Conners as a prior and persistent offender to twelve years of imprisonment on the assault count, and seven years on the leaving the scene of an accident count, to be served concurrently.  *Id.* at 23-25.

On August 20, 2014, Conners filed a *pro se* motion for post-conviction relief.  (Doc. 12-10 at 7-12.)   After the appointment of counsel, Conners filed an amended motion and request for an evidentiary hearing.  *Id.* at 42-49.   In his single claim, he argued that a sufficient factual basis for his plea was not established to support his guilty plea to the second-degree assault charge.  *Id.*   The motion court denied Conner's amended motion and his request for an evidentiary hearing.  *Id.* at 52-56.

In his appeal from the denial of post-conviction relief, Conners raised the same argument.

(Doc. 11-2.)  On November 15, 2016, the Missouri Court of Appeals affirmed the decision of the motion court.  (Doc. 11-4.)

Conners, through counsel, filed the instant Petition on November 20, 2017.  (Doc. 1.) He filed an Amended Petition on December 10, 2017.  (Doc. 4.)  In his first ground for relief, Conners argues that his due process rights were violated when the plea court accepted his plea to second-degree assault without a sufficient factual basis to support every element of that offense. *Id.* at 5.  In his second ground for relief, Conners argues that his right to effective assistance of counsel was violated when plea counsel failed to investigate the injuries of the complaining witness.  *Id.* at 8.

Respondent filed a Response to Order to Show Cause, in which she argues that Conners' second ground for relief is procedurally defaulted and both claims fail on their merits.  (Doc. 11.)

Conners has filed a Traverse, in which he provides further argument in support of his claims.  (Doc. 18.)

## II.  Standard of Review

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed § 2254(d) in *Williams v. Taylor*, 529 U.S. 362 (2000). With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if the state court "decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Id.* at 405. Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." *Id.* Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 410. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." *Id.* at 410.

### III.  Petitioner's Claims

**1.  Ground One**

In his first ground for relief, Conners argues that there was an insufficient factual basis to support his plea to second-degree assault. Specifically, Conners contends that insufficient facts were presented to support the element of recklessness. Conners argues that his due process rights were violated when the motion court accepted his plea.

Respondent argues that Conners' claim is not cognizable because the federal constitution does not require a factual basis for the entry of a guilty plea. Respondent further argues that the state appellate court reasonably rejected this claim as meritless.

The Indictment alleged that Conners committed the class C felony of assault in the

second degree in violation of § 565.060 RSMO in that he "recklessly caused serious physical injury to Deborah Young by striking her with a truck." (Doc. 11-1 at 12.) During the plea proceedings, the court asked Conners if he understood the charges against him and if his lawyer had explained the charges. *Id.* at 18. Conners responded affirmatively. *Id.* At the court's direction, the prosecutor recited the relevant facts that would have been proven at trial as follows:

> On or about May 2nd, 2012 at 10:19 PM in the City of St. Louis, State of Missouri, the defendant recklessly caused serious physical injury to Debra Young by striking her with a truck.
> \*\*\*
> More specifically, your Honor, I expect evidence would have been that…Miss Young was crossing the street at Natural Bridge. At that time a light brown Ford truck swerved into the lane and hit her in the back, causing her to sustain a broken leg, a broken arm, a broken back, and she also had to have her spleen removed.
> The car continued to drive. A witness nearby followed the vehicle, got the vehicle's license plate, but eventually lost the vehicle. Eventually the police were able to determine that it was the defendant's car that the witness identified…

*Id.*

Conners stated that he agreed with these facts and that he knew his conduct was against the law. *Id.* The court advised Conners of his right to a jury trial, the state's burden to prove him guilty beyond a reasonable doubt, his right to present evidence and witnesses, and his right to testify. *Id.* Conners stated that he understood his rights and was choosing to give them up to plead guilty. *Id.* The court found that there was a factual basis for Conners' guilty pleas, and that the guilty pleas were made voluntarily and intelligently. *Id.* at 21.

A person commits the crime of second-degree assault if he "recklessly causes serious physical injury to another person." Mo. Rev. Stat. § 565.052. "Recklessly" is defined as "consciously disregarding a substantial and unjustifiable risk that circumstances exist or that a result will follow, and such disregard constitutes a gross deviation from the standard of care

which a reasonable person would exercise in the situation." Mo. Rev. Stat. § 556.061(42).

Conners raised the claim that there was an insufficient factual basis for his second-degree assault conviction in the post-conviction proceedings. The Missouri Court of Appeals held that the record refuted Conners' claim. (Doc. 11-4 at 7.) The Court noted that the Indictment clearly charged Conners with the elements of second-degree assault, the record reflects that the nature of the charge was explained to Conners, and Conners admitted he was guilty of the charge by telling the court the evidence recited by the prosecutor was true. *Id.* The Court concluded as follows:

> The preceding evidence and inferences therefrom establish Movant swerved his truck into another lane, Movant struck Victim with the truck in a manner which caused her multiple and significant injuries, and Movant fled the crime scene after he was aware he hit Victim. We hold this conduct, which Movant admitted took place, sufficiently established that Movant acted recklessly and caused serious physical injury to Victim. [citations omitted].
> In sum, the indictment clearly charged Movant with all of the elements of second-degree assault, the nature of the charge was explained to Movant, and Movant admitted his guilt. Additionally, the facts before the plea court established Movant's conduct fell within the charge of second-degree assault and that Movant committed that offense. Accordingly, the record as a whole demonstrates there was a sufficient factual basis for Movant's guilty plea to the second-degree assault charge.

*Id.* at 8.

Unless there is a claim of innocence, as in an *Alford* plea, there is not a federal constitutional requirement that a guilty plea have a factual basis. *See Wabasha v. Solem*, 694 F.2d 155, 157 (8th Cir. 1982); *see also United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995) ("The requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution, but rather a requirement created by rules and statutes.") Missouri Supreme Court Rule 24.02(e) requires a court to determine that there is a factual basis before entering judgment on a guilty plea. Here, the Missouri Court of Appeals determined that there was a factual basis for each element of second-degree assault.

Even if Conners could establish that the Missouri court misapplied state law in reaching this determination — which he cannot do — this Court cannot grant him relief. "On habeas review, a federal court is not permitted to review whether a plea colloquy conformed with the strictures of state rules, but only whether it comported with the requirements of constitutional due process." *Holtgreive v. Curtis*, 174 F. Supp. 2d 572, 582-83 (E.D. Mich. 2001) (*quoting Ramos v. Rogers*, 170 F.3d 560, 563 n. 2 (6th Cir. 1999)); *see also McCauley v. Bowersox*, No. 4:13-CV-872 NAB, 2016 WL 5661612, at *7 (E.D. Mo. Sept. 30, 2016) (finding claim that plea court accepted guilty plea without a factual basis is not cognizable).

Finally, Conners is not entitled to relief on his claim that the state court violated his due process rights by accepting his guilty plea. A guilty plea constitutes a waiver of three constitutional rights: the right to a jury trial, the right to confront one's accusers, and the privilege against self-incrimination. *See Parke v. Raley*, 506 U.S. 20, 29 (1992) (citing *Boykin v. Alabama*, 395 U.S. 238, 243 (1969)). For this waiver to be valid under the Due Process Clause, it must be "an intentional relinquishment or abandonment of a known right or privilege." *McCarthy v. United States*, 394 U.S. 459, 466 (1969). To prove that his plea was not a knowing and voluntary plea, Conners must show that he did not make "a voluntary and intelligent choice among the alternative courses of action." *Weisberg v. State of Minn.*, 29 F.3d 1271, 1278 (8th Cir. 1994) (citation omitted). A defendant's representations during the plea-taking "carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Ingrassia v. Armontrout*, 902 F.2d 1368, 1370 (8th Cir. 1990) (internal quotation and citation omitted).

The record establishes that Conners made "an intentional relinquishment" of his rights. The plea court fully informed Conners of the rights he was giving up by entering a guilty plea, including the rights to a jury trial, to a presumption of innocence, to confront the witnesses

against him and to call his own witnesses, and to remain silent. (Doc. 11-1 at 20.) The court asked Conner if he understood that by pleading guilty he would be giving up these rights. Conners answered that he understood and that he wished to plead guilty. The record also establishes that petitioner made a "a voluntary and intelligent choice among the alternative courses of action." The court asked whether anyone had made threats or promises to induce him to plead guilty, and Conners denied that anyone had done so.

In sum, the record establishes that Conners made a knowing and voluntary decision to enter a guilty plea to the charge of second-degree assault and Conners has failed to establish that he is entitled to relief under 28 U.S.C. § 2254. Thus, Ground One is denied.

**2.    Ground Two**

In his second ground for relief, Conners argues that plea counsel was ineffective for failing to investigate the medical records of the victim to determine if she suffered "serious physical injury."[1]    (Doc. 4 at 8.)   Respondent argues that this claim is procedurally defaulted because Conners failed to raise it during the post-conviction proceedings. She further argues that the claim lacks merit.

To obtain federal habeas review of a claim raised in a § 2254 petition, the petitioner must have first raised the federal constitutional dimensions of the claim in state court in accordance with state procedural rules. *Duncan v. Henry*, 513 U.S. 364 (1995) (per curiam); *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009) (quoted case omitted). A claim must be presented at each step of the judicial process in State court in order to avoid procedural default. *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir. 1994). If the petitioner failed to properly present the claim in

---

[1]"Serious physical injury" is defined as "physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss of impairment of the function of any part of the body." Mo. Rev. Stat. § 565.002(6).

state court, and no adequate non-futile remedy is currently available by which he may bring the claim in that forum, the claim is deemed procedurally defaulted and cannot be reviewed by the federal habeas court "unless the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Here, Conners acknowledged that he failed to present the claim contained in Ground Two in the state post-conviction proceedings. He argues, however, that the ineffective assistance of his post-conviction counsel establishes cause for his default pursuant to *Martinez v. Ryan*, 566 U.S. 1, 10-11 (2012).

Section 2254(i) provides that "the ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). The Supreme Court has recognized a limited exception to this rule. In *Martinez v. Ryan*, the Supreme Court held that when, as in Missouri, a state requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). *Martinez,* 566 U.S. at 14. To overcome the procedural default, "a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some

merit." *Id.* With these standards in mind, the Court will now review Conners' defaulted ineffective assistance of counsel claim to determine whether he can overcome default.

Conners argues that he never saw the medical evidence regarding the victim's injuries because plea counsel did not obtain these records. Conners states that, if counsel had obtained the medical records, he would have discovered that her injuries would not have supported a conviction for second-degree assault. In support of this argument, Conners cites an investigative report that indicated the victim had been transferred to Barnes Hospital for lacerations to her forehead, face, and back. (Doc. 4-1). The report states that the victim was stable at that time, but was admitted overnight for observation. *Id.* Conners contends that, but for counsel's failure to investigate the victim's injuries, he would not have entered a guilty plea.

As noted above, to overcome Conners' procedural default, he must establish that counsel on collateral review was ineffective under *Strickland* and that the ineffective assistance of trial counsel claim is meritorious. Under *Strickland*, Conners must demonstrate that counsel's performance was "deficient" and that such deficient performance "prejudiced" his defense. *See Strickland*, 466 U.S. at 687. "Judicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." *Bucklew v. Luebbers*, 436 F.3d 1010, 1016 (8th Cir. 2006) (citing *Strickland*, 466 U.S. at 689).

The Court first finds that Conners is unable to establish that post-conviction counsel's performance was deficient. As discussed above, the prosecutor summarized the facts at the plea hearing as follows, in relevant part: "a light brown Ford truck swerved into the lane and hit her in the back, causing her to sustain a broken leg, a broken arm, a broken back, and she also had to have her spleen removed." (Doc. 11-1 at 18.) The prosecutor reiterated at Conners' sentencing that the victim "suffered a broken leg, a broken arm, [and] had to have her spleen removed." *Id.*

at 21-22.   He added that the victim "now has trouble walking and has to take medication every day."  *Id.* at 22.   Post-conviction counsel's review of the file would have revealed this account of the victim's injuries, which undoubtedly describe a "serious physical injury."   In light of this record, post-conviction counsel's decision not to bring a claim that plea counsel was constitutionally ineffective in failing to challenge the seriousness of the victim's injuries was reasonable.

In addition, the Court finds that the underlying defaulted claim of ineffective assistance of counsel is not substantial.   Conners argues that "on information and belief, the complaining witness' injuries at the time of the incident were insufficient" to convict Conners of second-degree assault.   (Doc. 4 at 8.)   Conners, however, does not cite any evidence in support of this claim other than the investigative report revealing the victim was hospitalized overnight for her injuries.   An overnight hospitalization is not inconsistent with the presence of serious injuries.   Further, as discussed above, the prosecutor's statements during the plea hearing and sentencing reveal the victim suffered a broken leg, a broken arm, a broken back, and underwent removal of her spleen.   The motion court found that the victim sustained the injuries set out by the prosecutor.   (Doc. 11-1 at 54.)   The undersigned must assume these factual finding are correct.  *See* 28 U.S.C. § 2254(e).   Thus, the record refutes Conners' claim that plea counsel's performance was constitutionally deficient or that he suffered any prejudice due to counsel's failure to obtain the victim's medical records.

In sum, Ground Two remains procedurally barred because post-conviction counsel cannot be found ineffective for failing to raise a meritless claim.   Ground Two is, therefore, denied.

### IV.   Certificate of Appealability

To grant a certificate of appealability, a federal habeas court must find a substantial

showing of the denial of a federal constitutional right.  *See* 28 U.S.C. 2253(c)(2); *Hunter v. Bowersox*, 172 F.3d 1016, 1020 (8th Cir. 1999).  A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserved further proceedings.  *See Cox*, 133 F.3d at 569.  In this case, Conners has failed to make a substantial showing of the denial of a constitutional right.  The undersigned is not persuaded that the issues raised in his Petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, no Certificate of Appealability shall be issued.

## ORDER

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 be **denied** and be **dismissed with prejudice** by separate judgment entered this date.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that Petitioner be denied a Certificate of Appealability if Petitioner seeks to appeal this Judgment of Dismissal.

Dated this 29th day of December, 2020.

s/*Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE